UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRYAN M. HARVEY, KENNETH M. HALL, SR., individually, and as officers, directors, shareholders, members and/or principals of THE PRESTIGIOUS HOSPITALITY CO. LLC d/b/a SPORTS BAR 81 and THE PRESTIGIOUS HOSPITALITY CO. LLC d/b/a SPORTS BAR 81, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:20-cv-02117-JPB |

## **ORDER**

This case comes before the Court on Defendants Bryan M. Harvey ("Harvey"), Kenneth M. Hall, Sr. ("Hall") and The Prestigious Hospitality Co. LLC d/b/a Sports Bar 81's ("Prestigious") (collectively "Defendants") Motion to Answer Out of Time ("Motion to Answer") (ECF No. 25) and Motion to Dismiss (ECF No. 26). The Court finds as follows:

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") filed a complaint against Defendants alleging piracy in violation of 47 U.S.C. §§ 553 and 605 and copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

As alleged in the Complaint, Joe Hand owned the exclusive right to commercially license the presentation of the July 6, 2019 Ultimate Fighting Championship match between Jon Jones and Thiago Santos (the "Program"). Without obtaining a license or prior authorization from Joe Hand, Sports Bar 81 exhibited the Program to its customers. Joe Hand asserts that the broadcast signal was improperly obtained through an "illegal internet stream" or "by paying a nominal, personal/residential license fee from a legitimate residential/non-commercial distributor." It also claims that Defendants either willfully took such action for economic gain, including to attract customers to their establishment, or they should have known that their exhibition of the Program was not authorized.

**Motion to Answer**

In their Motion to Answer, Defendants seek to substitute their Motion to Dismiss in place of a *pro se* Answer (ECF No. 17) Harvey filed purportedly on behalf of Defendants. They also seek leave to respond to the Complaint out of time, given that Harvey, who is not an attorney, was not permitted to answer for Hall or Prestigious. The Court notes that Harvey's Answer was filed out of time and was stricken upon motion by Joe Hand.[1] Defendants attribute the delay in

---

[1] The Answer was filed on July 16, 2020, even though Hall's and Prestigious' answers were due June 23, 2020, and Harvey's answer was due on July 6, 2020. *See* ECF Nos. 12-14.

answering the Complaint to Hall's and Harvey's COVID-19 illness and their lack of representation. They have now obtained counsel.

Because the Answer was filed out of time, and it was ultimately stricken, the Court will analyze the Motion to Answer under the Federal Rule of Civil Procedure 55(c) "good cause" standard applicable to a motion to set aside a default. *See O'Neal v. City of Hiram*, No. 4:19-cv-0177-TWT-WEJ, 2020 WL 6291418, at *1 (N.D. Ga. Oct. 7, 2020). "Good cause is not a precise standard," and courts "generally consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id*. Additionally, "there is a strong preference to settle matters on the merits rather than by default judgment." *Id*.

For good cause shown, including the infancy of this case, Hall's and Harvey's illness, their *pro se* status at the time the Answer was filed and the lack of prejudice to Joe Hand, Defendants' Motion to Answer (ECF No. 25) is **GRANTED**. The Court will deem Defendants' Motion to Dismiss (ECF No. 26) timely.

**Motion to Dismiss**

In their Motion to Dismiss, which consists of only one and a half pages of argument, Defendants argue that the Complaint should be dismissed because: (i)

3

Joe Hand may not simultaneously bring an action under 47 U.S.C. §§ 553 and 605; (ii) the Complaint does not state a claim under either statute; (iii) Joe Hand failed to plead facts such as whether Defendants charged an entry fee or a premium for food and drinks in connection with their exhibition of the Program, and it is therefore not entitled to enhanced statutory damages; (iv) the Complaint does not attach a copy of the license agreement pursuant to which this action was brought; and (v) the individual plaintiffs cannot be held liable for the claims because Prestigious is an incorporated entity.

Joe Hand responds that it has properly pleaded its claims; it is permitted to allege causes of action in the alternative; and the individual owners may be held vicariously liable for copyright infringement because they had the right and ability to supervise the infringing activity and received a financial benefit from such activity.[2]

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessary, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

---

[2] Joe Hand also argues that the Motion to Dismiss is untimely because the Answer was filed more than one month prior to it. This argument is, however, moot because the Court has granted Defendants' Motion to Answer.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At a minimum, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*.

Here, the Court agrees with Joe Hand that it has adequately pleaded Count One of the Complaint (piracy).[3] Setting aside the fact that Defendants do not outline how they contend the pleadings fall short, Joe Hand is required to plead only that Defendants improperly received and used the Program for their benefit in violation of 47 U.S.C. §§ 553 and 605. The Complaint's allegations that Defendants did not obtain a license from Joe Hand to show the Program; they obtained the signal by improper means; and they exhibited the Program at Sports Bar 81 without authorization are sufficient to state a claim under the cited statutes.

Contrary to Defendants' argument, at this stage, Joe Hand is not required to provide very detailed facts of the wrongdoing such as whether customers were charged an entry fee or the business earned financial rewards in connection with its exhibition of the Program. As Joe Hand points out, those facts are peculiarly within the knowledge of Defendants and are not currently available to it.

---

[3] Defendants make no reference to Count Two of the Complaint in their Motion to Dismiss, so it is not at issue here. *See Jones v. Bank of America, N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (agreeing with the district court's conclusion that "when a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned").

Moreover, such detailed facts are not necessary to allege enhanced statutory damages, which are available for willful violations of the statutes for commercial advantage or private financial gain. The Complaint's allegations that Defendants willfully engaged in an unauthorized exhibition of the Program for economic gain, including to attract paying customers, is sufficient for that purpose. Joe Hand also was not required to attach to the Complaint a copy of the license agreement providing the basis for this action.

Defendants' additional argument that Joe Hand is not permitted to plead a violation of two similar statutes is without merit. Joe Hand may plead causes of action under both statutes where, as Joe Hand asserts here, such claims are made in the alternative because it is not clear at this stage which might apply. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); *Zuffa, LLC v. Nguyen*, No. 2:20-cv-14051, 2020 WL 6449316, at *2 (S.D. Fla. July 27, 2020) (noting that the Eleventh Circuit has not decided whether a party may concurrently raise claims under 47 U.S.C. §§ 553 and 605 but construing the counts of the complaint under those statutes as alternative theories of liability).

Finally, with respect to Hall's and Harvey's individual liability in this case, while Defendants are correct that as a legal entity, a corporation is separate and distinct from its officers and shareholders, that is not the end of the inquiry.  In *J&J Sports Productions, Inc. v. Midtown Haven, Inc.*, which has a fact pattern similar to this case, the court observed that courts in this Circuit "have universally applied the benefit-and-control test" to determine the issue of corporate owners' vicarious liability under §§ 553 and 605.  No. 1:18-CV-03581-LMM, 2019 WL 4751865, at *4 (N.D. Ga. June 5, 2019).  Under this test, a plaintiff can allege vicarious liability against individual defendants by "show[ing] [that] an individual defendant had the 'right and ability to supervise the violations, and that he had a strong financial interest in such activities.'" *Id*.  Therefore, by asserting that Hall and Harvey were officers or owners of Prestigious and, by virtue of such position, they had the right and ability to supervise the activities of Sports Bar 81 and had a direct financial interest in its activities, Joe Hand has sufficiently alleged their potential vicarious liability here.[4]

---

[4] Although Defendants' Motion to Dismiss does not mention Count Two of the Complaint (copyright infringement), the Court agrees with Joe Hand that to the extent Hall and Harvey intend to assert their vicarious liability argument with respect to that count, the conclusion is the same.  *See S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985) ("'An individual, including a corporate officer, who has the ability to supervise

Based on the foregoing analysis, Defendants' Motion to Dismiss (ECF No. 26) is **DENIED**.

**SO ORDERED** this 17th day of February, 2021.

_____
J. P. BOULEE
United States District Judge

---

[copyright] infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement.'").